James VILLA, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 16-4063

United States Court of Appeals, Eighth Circuit.

Submitted: November 1, 2017

Filed: November 14, 2017

James Villa, Pro Se

Thomas J. Kangior, Assistant U.S. Attorney, U.S. Attorney's Office, District of Nebraska, Omaha, NE, for Respondent-Appellee

Before COLLOTON, BOWMAN, and KELLY, Circuit Judges.

PER CURIAM.

In 2013, James Villa pled guilty to possession with intent to distribute marijuana and he was sentenced as a career offender to 164 months in prison. In 2015, Villa filed this 28 U.S.C. § 2255 motion, claiming that his sentence violated his rights under the Due Process Clause because he no longer qualified as a career offender after Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Johnson held that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague. Villa argued by extension that an identically-worded provision of the Sentencing Guidelines applied in his case, USSG § 4B1.2(a)(2) (2013), was also unconstitutionally vague. The district court[1] denied relief, and Villa appeals.

1. The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

Assuming without deciding that Villa's claim was not waived in his plea agreement, Villa is not entitled to relief under § 2255 because the advisory Guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, —— U.S. ——, 137 S.Ct. 886, 895, 197 L.Ed.2d 145 (2017).

The judgment is affirmed, and counsel's motion to withdraw is granted.